**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JASON ANDREW FOWLER, ESQ**
Nevada Bar No. 8071
**MAEGUN C. MOOSO, ESQ.**
Nevada Bar No. 15067
**RANALLI ZANIEL FOWLER & MORAN, LLC**
2340 W. Horizon Ridge Parkway, #100
Henderson, Nevada 89052
ranalliservice@ranallilawyers.com
Attorneys for Defendant,
*WALGREEN CO.*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

MARCUS COLEMAN,                )
                               )   2:24-cv-661
      Plaintiff,                )
                               )
vs.                            )   **NOTICE OF REMOVAL OF ACTION**
                               )   **UNDER 28 U.S.C. § 1441 (B) (DIVERSITY)**
WALGREEN CO., doing business   )
As WALGREENS; DOES 1 through   )
100; and ROE CORPORATION 101   )
through 200, inclusive,        )
                               )
      Defendants.               )
_____)

    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE that Defendant WALGREEN CO. d/b/a WALGREENS hereby removes to this Court the state court action described below.

    1. On February 06, 2024, an action was commenced in the District Court for Clark County, Nevada, Case No: A-24-886529-C entitled LANCE J. MATTHEWS v. WALGREEN CO. d/b/a WALGREENS, a Foreign Corporation; DOES I-X, ROE SECURITY COMPANIES I-X; DOE SECURITY GUARDS I-X, and ROE ENTITIES I-X. A copy of the Complaint and Initial Appearance Fee Disclosure are attached hereto as **Exhibits A** and **B**.

    2. Defendant *WALGREEN CO. d/b/a WALGREENS* received a copy of said Complaint on February 12, 2024, when Defendant's agent accepted service of said Summons and

1

Complaint on its behalf. A copy of the Summons **Exhibit C.**

3.    This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 144l(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.    Plaintiff is a citizen of the State of Nevada. Defendant WALGREEN CO. d/b/a WALGREENS was at the time of filing this action, and still is, a corporation incorporated under the laws of the State of Illinois, having its principal place of business at Deerfield, Illinois.

5.    On March 04, 2024, Defendant WALGREEN CO. d/b/a WALGREENS filed its Initial Appearance Fee Disclosure, Answer to Plaintiff's Complaint and Demand for Jury Trial. A copy of the Initial Appearance Fee Disclosure, Answer to Plaintiff's Complaint and Demand for Jury Trial are attached as **Exhibits D, E and F.**

6. On February 12, 2024, Plaintiff filed a Complaint asserting that Plaintiff was at one of Defendant's stores when he was involved in an altercation with a rowdy customer, who was removed from the store. He alleges that thereafter, the rowdy customer re-entered the store and attacked Plaintiff. *See* **Exhibit A** at § 7-12. In his Complaint, Plaintiff seeks general damages in excess of $15,000.00. *Id.* at § 26. Plaintiff subsequently filed a Request for Exemption from Arbitration on March 05, 2024 wherein it is alleged that Plaintiff was stabbed multiple times and incurred wounds to his forehead, face, neck, shoulder, left upper arm, and knuckles of both hands. Plaintiff treated at Sunrise Hospital after the incident and has allegedly incurred at least $47,075.68 in past medical specials (with his imaging billing still pending, so this amount is likely to increase); and alleges pain and suffering and emotional distress as additional damages. **Exhibit G** at 1:24-2:4, 2:15-3:10.  Based on this, it is clear that the amount in controversy exceeds $75,000.

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

7.      Removal is timely as Defendant WALGREEN CO. d/b/a WALGREENS filed this notice of removal within thirty days of Plaintiff filing his Request for Exemption from Arbitration, which is the first paper in the action indicating a breakdown of his incurred damages to apprise of case value, and within one year of the Complaint's filing. 28 U.S.C. § 1446(b)(1). (*See Harris vs. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).

DATED this 4ᵗʰ day of April, 2024.

**RANALLI ZANIEL FOWLER & MORAN, LLC**


*/s/ George M. Ranalli*
_____
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JASON ANDREW FOWLER, ESQ.**
Nevada Bar No. 8071
**MAEGUN C. MOOSO, ESQ.**
Nevada Bar No. 159067
2340 W. Horizon Ridge Parkway
Suite 100
Henderson, Nevada 89052
Attorney for Defendant,
*WALGREEN CO. d/b/a WALGREENS*

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

1

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of RANALLI ZANIEL FOWLER & MORAN, LLC, and that on the 27th day of February, 2023 I caused the foregoing **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (B) (DIVERSITY)** to be served as follows:

[ ]    by placing a true and correct copy of the same to be deposited for mailing in the U.S. Mail at Henderson, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

[ ]    by sending it via facsimile; and/or

[ ]    by hand delivery to the parties listed below; and/or

[x]    via electronic service via the Case Management/Electronic Case Files system:

Scott L. Poisson, Esq.
Amber N. King, Esq.
**HIGH STAKES INJURY LAW**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
Attorneys for Plaintiff

*/s/ Vicki Perez*

_____

**An Employee of**
**RANALLI ZANIEL FOWLER & MORAN, LLC**

*RANALLI ZANIEL FOWLER & MORAN, LLC*
*2340 W. HORIZON RIDGE PARKWAY, SUITE 100*
*HENDERSON, NEVADA 89052*
*TELEPHONE: (702) 477-7774 FAX: (702) 477-7778*

# EXHIBIT A

Electronically Filed
2/6/2024 10:35 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Scott L. Poisson, Esq.
Nevada Bar No. 10188
Amber N. King, Esq.
Nevada Bar No. 14070
**HIGH STAKES INJURY LAW**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
Telephone: (702) 877-4878
Facsimile: (702) 256-6280
*Attorneys for Plaintiff*

CASE NO: A-24-886529-C
Department 27

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARCUS COLEMAN, an individual,

         Plaintiff,

      v.

WALGREEN CO., doing business as
WALGREENS; DOES 1 through 100; and ROE
CORPORATION 101 through 200, inclusive,

         Defendant(s).

Case No.:

Dept. No.:

**COMPLAINT**

COMES NOW, the Plaintiff, by and through her counsel of record, HIGH STAKES INJURY LAW, submits this complaint against Defendants for the foregoing causes of action, and alleges as follows:

**JURISDICTION**

1.    Marcus Coleman, (hereinafter "Plaintiff") is individual residing in Clark County, Nevada.

2.    Walgreen Co., is an Illinois company, doing business in Clark County, Nevada as Walgreens.

3.    DOE and ROE Defendants 1 through 200 are legal entities/residents of Clark County, Nevada, and authorized to do business by the State of Nevada. Furthermore, said Doe and Roe Defendants were employees, agents, or servants of Defendants in its control and

**High Stakes Injury Law**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 256-4566 FAX: (702) 256-6280

High Stakes Injury Law
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 256-4566 FAX: (702) 256-6280

functioned and assisted in the operation, control maintenance and/or management of the premise, in which plaintiff was injured, causing damages.

4.      The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 100 and ROE CORPORATIONS 101 through 200, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; on information and belief, Plaintiff alleges that the Defendants, and each of them, designated herein as a DOE or ROE CORPORATION were responsible in some manner for the injuries sustained by the Plaintiff resulting from the below stated incident; and is liable for all damages due to Plaintiff as alleged herein.  Plaintiff will ask leave of court to amend this Complaint to insert the true names and capacities when the same is ascertained and to join such Defendants in this action.

5.      DOES 1 through 5 are entities responsible for maintaining security and order at the property known as Walgreens, located at 2400 E. Tropicana Ave., Las Vegas, NV 89121. DOES 6 through 10 are entities or individuals who provided customer control, store operations oversight, and/or security at the property known as Walgreens, located at 2400 E. Tropicana Ave., Las Vegas, NV 89121. DOES 11 through 15 are the entities or individuals responsible for inspections, maintenance, and/or keeping the peace at the property known as Walgreens, located at 2400 E. Tropicana Ave., Las Vegas, NV 89121. DOES 16 through 20 are entities or individuals responsible for the safety and welfare of the customers at the property known as Walgreens, located at 2400 E. Tropicana Ave., Las Vegas, NV 89121. Plaintiffs will ask leave of this court to insert the true names and capacities of such Defendants when the same have been ascertained.

## CLAIM FOR NEGLIGENCE

6.      Defendants owned, operated, controlled, and were tasked to provide security and customer safety at the property known as Walgreens, located at 2400 E. Tropicana Ave., Las Vegas, NV 89121.  (hereinafter "the Property").

7.      On February 14, 2022, Marcus Coleman was legally on the premise owned and operated by Defendants.

8. Prior to Mr. Coleman arriving at the property, store personnel or agents of Defendants had taken steps to escort a rowdy customer out of the store.

9. The Defendants personnel or agents did not take measures to fully remove the customer from the premises and allows such person to remain on premise by the front entrance.

10. As Mr. Coleman entered the Subject Property, the removed customer re-entered the store.

11. None of Defendant's personnel or agents attempted to further remove this person after re-entering the store.

12. The person re-entering the store, violently and without provocation violently attacked Mr. Coleman,

13. It was reasonably foreseeable that a rowdy person, allowed to linger outside the store would cause a disruption to other customers.

14. Defendants were in charge of maintaining and supervising the property.

15.  Defendants had a duty to properly maintain order, safety, and security for its customers and provide an area that was safe for use.

16. Defendants breached their duty by failing to maintain and provide a safe, secure, and orderly shopping environment by allowing people to linger around the entrance of the store who were previously shown to be rowdy and disruptive.

17. Defendants, and each of them, had a duty to supervise and maintain said premises in a reasonably safe and suitable condition for its patrons, guests and invitees; and further to take any and all reasonable precautions to avoid the presence of dangerous conditions on or around said premises.

18. Defendants had a duty to inspect and maintain order the property in a safe and reasonable manner to ensure safety of its customers.

19. Defendants breached their duty by failing to properly remove rowdy and disruptive customers from the premises completely, and allow such people to linger about, causing disruption and safety concerns for other customers.

20.    Defendants and their employees knew or should have known about the dangerous condition, which caused the injuries to Plaintiff, yet continued to let this condition exist, causing an unreasonable threat to the safety of those on their property, including Plaintiff.

21.    Defendants allowed the dangerous condition to exist for an extended period of time by negligently allowing the rowdy and disruptive person to linger about the entrance of the Subject Property.

22.    Defendants, and each of them, known and unknown, breached these duties, directly and proximately causing Plaintiff's injuries.

23.    Defendants, despite having actual notice or constructive notice, upon a reasonable inspection of its premises, that a dangerous condition existed.  Defendants, failed to cure the same, enact proper safeguards, or warn of same to prevent serious bodily injury to Plaintiff, all in breach of its duty of due care herein.

24.    Defendant's negligence was the actual and proximate cause of physical injury to Marcus Coleman.

25.    Marcus Coleman incurred medical expenses, wage loss, loss of household services, pain and suffering, as a result of this incident.

26.    This incident caused Plaintiff to suffer severe injuries and damages in an amount in excess of $15,000.00 subject to proof at trial, and Plaintiff will continue to suffer from his injuries in the future.

**DEMAND FOR JUDGMENT**

**WHEREFORE**, the Plaintiff reserving her right individually or through her representatives, to amend his Complaint prior to, or at the time of trial of this action to insert those items of damage not yet fully ascertainable, pray for judgment against said Defendants, and each of them as follows:

**High Stakes Injury Law**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 256-4566 FAX: (702) 256-6280

1

2      1)  For General and Special Damages in a sum in excess of $15,000.00;

3      2)  For Attorneys' fees and costs of suit incurred herein;

4      3)  For interest at the statutory rate; and

5      4)  For such other and further relief as the Court may deem just and equitable in the

6          matter.

       DATED this __6th__ day of February, 2024.

7

8                              Respectfully submitted,

9                              **HIGH STAKES INJURY LAW**

10                             */s/ Amber N. King*
                               SCOTT L. POISSON, ESQ.
11                             State Bar No. 010188
                               AMBER N. KING, ESQ.
12                             State Bar No.14070
                               700 S. Jones Blvd.
13                             Las Vegas, Nevada 89107
                               (T) (702) 877-4878
14                             (F) (702) 256-6280
                               Email: amber@vegashurt.com
15                             *Attorneys for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28

High Stakes Injury Law
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 256-4566 FAX: (702) 256-6280

# EXHIBIT B

Electronically Filed
2/6/2024 10:35 AM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
Scott L. Poisson, Esq.
Nevada Bar No. 10188
Amber N. King, Esq.
Nevada Bar No. 14070
**HIGH STAKES INJURY LAW**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
Telephone: (702) 877-4878
Facsimile: (702) 256-6280
Email: amber@vegashurt.com
*Attorneys for Plaintiff*

CASE NO: A-24-886529-C
Department 27

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARCUS COLEMAN, an individual, | Case No.: |
| Plaintiff, | Dept. No.: |
| v. | |
| WALGREEN CO., doing business as WALGREENS; DOES 1 through 100; and ROE CORPORATION 101 through 200, inclusive, | **INITIAL APPEARANCE FEE DISCLOSURE** |
| Defendant(s). | |

Pursuant to N.R.S. Chapter 19, as amended by Senate Bill 106, filing fees are submitted

for the party appearing in the above-entitled action as indicated below:

Marcus Coleman:                    $270.00

Total Remitted:                     $270.00

DATED this __6th__ day of February, 2024.

Respectfully submitted,

**HIGH STAKES INJURY LAW**

_____/s/ Amber.N.King_____
SCOTT L. POISSON, ESQ.
State Bar No. 010188
AMBER N. KING, ESQ.
State Bar No.14070
320 S. Jones Blvd.
Las Vegas, Nevada 89107
Email: amber@vegashurt.com
*Attorneys for Plaintiff*

Page 1 of 1

# EXHIBIT C

Electronically Issued
2/8/2024 1:05 AM

Electronically Filed
2/13/2024 9:43 AM
Steven D. Grierson
CLERK OF THE COURT

**SUMM**
Scott L. Poisson, Esq.
Nevada Bar No. 10188
Amber N. King, Esq.
Nevada Bar No. 14070
**High Stakes Injury Law**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
Telephone: (702) 877-4878
Facsimile: (702) 256-6280
Email: amber@vegashurt.com
*Attorneys for Plaintiff*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARCUS COLEMAN, an individual, | Case No.: CASE NO: A-24-886529-C |
| Plaintiff, | Dept. No.: Department 27 |
| v. | |
| WALGREEN CO., doing business as WALGREENS; DOES 1 through 100; and ROE CORPORATION 101 through 200, inclusive, | **SUMMONS** |
| Defendant(s). | |

WALGREEN CO. d/b/a WALGREENS

**NOTICE!   YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD, UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:**     A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1.      If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of the service you must do the following:

a.      File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court with the appropriate filing fee.

b.      Serve a copy of your response upon the attorney whose name and address is shown below.

Page 1 of 2

*High Stakes Injury Law*
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 256-4566 FAX: (702) 256-6280

2.      Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of your money or property, or other relief requested in the Complaint.

3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.      The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Issued at the direction of:                CLERK OF THE COURT

/s/ Amber.N.King
AMBER N KING, ESQ.                        DEPUTY CLERK              Date
**HIGH STAKES INJURY LAW**                 County Courthouse
320 S. Jones Boulevard                     200 Lewis Avenue              2/9/2024
Las Vegas, Nevada 89107                    Las Vegas, Nevada 89155
Telephone: (702) 256-4566
Facsimile: (702) 256-6280                  Patricia AzucenaPreza
Attorney for Plaintiff.

**NOTE:**  When service is by publication, add a brief statement of the object of the action.
            See Rules of Civil Procedure, Rule 4(b).

**AFFIDAVIT OF SERVICE**

| Case:<br>A-24-886529-C | Court:<br>District Court | County:<br>Clark , NV | Job:<br>10408862 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Marcus Coleman | | Defendant / Respondent:<br>Walgreen CO. d/b/a Walgreens | |
| Received by:<br>Serve Vegas LLC | | For:<br>High Stakes Injury Law | |
| To be served upon:<br>Walgreen Co. d/b/a Walgreens | | | |

I, Richard Reese , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:     KRIS OSBORN , Corporate: 112 North Curry Street, Carson City, NV 89703
Manner of Service:     Registered Agent, Feb 12, 2024, 3:15 pm PST
Documents:     Complaint, Summons

Additional Comments:
1) Successful Attempt: Feb 12, 2024, 3:15 pm PST at Corporate: 112 North Curry Street, Carson City, NV 89703 received by KRIS OSBORN .
Age: 57; Ethnicity: Caucasian; Gender: Female; Weight: -75; Height: 5'5"; Hair: Blond; Eyes: Brown;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.


Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.


_____     _____
Richard Reese                                              02/12/2024
PILB#1505                                                    **Date**

Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
702-209-2140
Nevada License 1914

# EXHIBIT D

Electronically Filed
3/4/2024 5:56 PM
Steven D. Grierson
CLERK OF THE COURT

**ANS**
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**RANALLI ZANIEL FOWLER & MORAN, LLC**
2340 W. Horizon Ridge Parkway, #100
Henderson, Nevada 89052
ranalliservice@ranallilawyers.com
Attorney for Defendant,
*WALGREEN CO.*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MARCUS COLEMAN, an individual; | ) |
| | ) |
| Plaintiff, | ) CASE NO.:  A-24-886529-C |
| | ) DEPT. NO.: 27 |
| vs. | ) |
| | ) |
| WALGREEN CO., doing business | ) |
| As WALGREENS; DOES 1 through | ) |
| 100; and ROE CORPORATION 101 | ) |
| through 200, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW**, Defendant, WALGREEN CO., by and through their attorney, GEORGE M. RANALLI, ESQ., of the law offices of RANALLI ZANIEL FOWLER & MORAN, LLC, and for their Answer to Plaintiff's Complaint on file herein admits, denies, and alleges as follows:

This answering Defendant denies each and every allegation contained in Plaintiff's Complaint on file herein, save and except for those matters that are expressly addressed hereinafter.

///

1

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

## JURISDICTION

1.  Answering Paragraphs 1, 3, 4 and 5 of Plaintiff's Complaint, this answering Defendant states that it is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

2.  Answering Paragraph 2 of Plaintiff's Complaint, this answering Defendant admits, upon information and belief, each and every allegation contained therein.

## CLAIM FOR NEGLIGENCE

3.  Answering Paragraph 6 of Plaintiff's Complaint, this answering Defendant admits operating a business at 2400 E. Tropicana Avenue, Las Vegas, Nevada 89121 but is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the remaining allegations contained therein and, therefore, denies the same.

4.  Answering Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25 and 26 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

///

///

2

5.    Answering Paragraph 24 of Plaintiff's Complaint, this answering Defendant denies each and every allegation contained therein.

<b>AFFIRMATIVE DEFENSES</b>

<b>FIRST AFFIRMATIVE DEFENSE</b>

Plaintiff's Complaint on file herein fails to state a claim against the Defendant upon which relief can be granted.

<b>SECOND AFFIRMATIVE DEFENSE</b>

The incident alleged in the Complaint, and the resulting damages, if any, to Plaintiff, was proximately caused or contributed to by the Plaintiff's own negligence, and such negligence was greater than the negligence, if any, of the Defendant.

<b>THIRD AFFIRMATIVE DEFENSE</b>

Defendant alleges that Plaintiff has failed to mitigate his damages, if any.

<b>FOURTH AFFIRMATIVE DEFENSE</b>

The occurrences referred to in the Complaint, and all damages, if any, resulting there from, were caused by the acts or omissions of third parties over whom this answering Defendant had no control.

<b>FIFTH AFFIRMATIVE DEFENSE</b>

Attorney's fees are only recoverable through contract or by statute and are not recoverable as damages in a lawsuit for personal injury damages. Plaintiff's claims for attorney's fees

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

and costs as alleged in Plaintiff's Complaint are not recoverable herein and have been improperly pled in Plaintiff's Complaint. Defendant specifically reserves the right to have Plaintiff's improperly pled claim for attorney's fees dismissed prior to trial.

### SIXTH AFFIRMATIVE DEFENSE

An unforeseeable incapacity/sudden emergency as a bar to liability in negligence are based upon the principle that one is not negligent if an unforeseeable occurrence or sudden emergency causes an accident and/or injury.

### SEVENTH AFFIRMATIVE DEFENSE

If any damages are awarded to the Plaintiff, they should be apportioned between the Defendants according to their percentage of liability and/or among the various accidents and/or pre-existing conditions.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is not joint and severally liable and is only severally liable, if liable at all.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims and causes of action against Defendant are barred by the doctrines of laches, waiver, estoppel, and/or unclean hands.

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the conduct of the Plaintiff was responsible for the damages, if any, of the Plaintiff and the culpability of the Plaintiff exceed that of the Defendants, if any, and that the Plaintiff is thereby barred from any recovery.

**TWELVETH AFFIRMATIVE DEFENSE**

Defendant alleges Plaintiff's claims are barred by the applicable statutes of limitations, including, but not limited to, NRS 11.190.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the Plaintiff failed to name a party necessary for full and adequate relief essential in this case.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the Plaintiff delayed investigation of this claim to the prejudice of the Defendant and accordingly this action should be dismissed.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the injuries, if any, suffered by Plaintiff as set forth in Plaintiff's Complaint were caused in whole, or in part, by the negligence or criminal acts of a third party over which Defendant had no control.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the injuries claimed to have been suffered by the Plaintiff was caused by a pre-existing or

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

unrelated medical condition, disease, illness or allergy of the Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

No act or omission of Defendant was a cause or proximate cause of injuries and damages, if any, sustained by Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

That it has been necessary for Defendant to employ the services of an attorney to defend this action and a reasonable sum should be allowed Defendant and as for attorney's fees, together with its costs expended in this action.

### NINETEENTH AFFIRMATIVE DEFENSE

Any damages claimed by Plaintiff are limited by the provisions of the NRS 4IA.035.

### TWENTYETH AFFIRMATIVE DEFENSE

Defendant alleges that negligence of another party or parties was a superseding cause.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any damages claimed as medical expenses must be reduced to the amount paid by insurance.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Pursuant to Nevada Rules of Civil Procedure, Rule 11, as amended, all possible affirmative defenses may not have been alleged insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's answer, and therefore, Defendant reserves the right to amend the Answer to

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

allege additional affirmative defenses or withdraw certain affirmative defenses if subsequent investigation warrants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

This Answering Defendant, not being fully advised as to all facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, discharged and bankruptcy, duress, failure of consideration, fraud, illegality, injury by fellow servant, laches, lack of notice, consent to combat, mutual consent, mutual combat, assumption of risk, superseding criminal act, license, payment, release res judicata, statute of frauds, and other contract defenses including but not limited to failure of contract formation, absence of privity, Plaintiff's lack of standing, absence, lack or failure of consideration, illusory promises, absence of mutual assent, mutual mistake and/or unilateral mistake wherein Plaintiff was aware of the mistake, misrepresentation and/or fraud, failure to perform, unconscionability, improper delegation of duties and/or assignment of rights, nonoccurrence of condition precedent, excuse, and discharge by performance, impossibility, impracticability, frustration, illegality, recission, modification, novation, release, cancellation, substituted contract, account stated, lapse, operation of law including but not limited to running of the statute of limitations, and/or occurrence of condition subsequent, consent

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

of the Plaintiffs, unwilful intoxication, mistaken consumption, un-knowing consumption, forced intoxication by deceit, self-defense,  that Plaintiffs have granted Defendant's an easement either  expressly  or  implied  in  fact,  that  the  conditions complained of were so open and obvious that Plaintiffs or their predecessors  in  interest  consented  to  them,  that  any  damages claimed by Plaintiffs are the fault of underlying contractors, construction  companies,  developers  or  laborers  over  whom Defendants  had  no  control  or  authority  and  any  other  matter constituting  an  avoidance  or  affirmative  defense  which  the further  investigation  of  this  matter  may  prove  applicable herein.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any hazard alleged is trivial.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any hazard defect was open and obvious.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

 If  any  hazard  or  danger  existed  to  Plaintiff  for  which Defendant would be responsible, Plaintiff knew of the danger or hazard  and  her  own  unreasonable  conduct  was  the  cause  of  any injury,  be  it  due  to  a  hazardous,  ultra-hazardous  activity  or condition or otherwise.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

 If  any  hazard  or  danger  existed  to  Plaintiff  for  which Defendant would be responsible, Plaintiff knew of the danger or

hazard and her own unreasonable conduct was the cause of any injury, be it due to a hazardous, ultra-hazardous activity or condition or otherwise.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

All of the risks and dangers involved in the factual situation described in the Complaint were open, obvious and known to Plaintiff, and by reason thereof, Plaintiff assumed such risks and dangers incident thereto.

All of the risks and dangers involved in the factual situation described in the Complaint were open, obvious and known to Plaintiff, and by reason thereof, Plaintiff assumed such risks and dangers incident thereto.

If any hazard or danger existed to Plaintiff for which Defendant would be responsible, Plaintiff knew of the danger or hazard and her own unreasonable conduct was the cause of any injury, be it due to a hazardous, ultra-hazardous activity or condition or otherwise.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

All of the risks and dangers involved in the factual situation described in the Complaint were open, obvious and known to Plaintiff, and by reason thereof, Plaintiff assumed such risks and dangers incident thereto.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff's own unreasonable conduct constitutes the sole or majority of the cause for her alleged injuries.

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

The occurrences referred to in the Complaint, and all damages, if any, resulting there from, were caused by the acts or omissions of co-defendants, unnamed defendants, non-parties or third parties over whom this answering Defendant had no control.

**PRAYER FOR RELIEF**

WHEREFORE, this answering Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by way of his Complaint on file herein;

2.    That Plaintiff's Complaint be dismissed with prejudice;

3.    For reasonable attorney's fees incurred in the defense of this action; and

4.    For such other and further relief as the court may deem just and proper.

DATED this 4th day of March, 2024.

RANALLI ZANIEL FOWLER & MORAN, LLC

/s/ *Jason Andrew Fowler, #8071*

_____
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
2340 W. Horizon Ridge Prkwy, #100
Henderson, Nevada 89052
Attorney for Defendant,
*WALGREEN CO.*

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee of **RANALLI ZANIEL FOWLER & MORAN, LLC**, and that on the 4th day of March, 2024, I caused the foregoing **DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served as follows:

[ ]  by placing a true and correct copy of the same to be deposited for mailing in the US Mail at Henderson, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

[ ]  pursuant to EDCR 7.26, by sending it via facsimile (w/out attachments); and/or

[ ]  by hand delivery to the parties listed below; and/or

[X]  pursuant to N.E.F.C.R. Rule 9 and Administrative Order 14-2, by sending it via electronic service:

Scott L. Poisson, Esq.
Amber N. King, Esq.
**HIGH STAKES INJURY LAW**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
Attorneys for Plaintiff
**VIA ELECTRONIC SERVICE**

/s/ *Donna Hicks*

_____
**AN EMPLOYEE OF
RANALLI ZANIEL FOWLER & MORAN, LLC**

# EXHIBIT E

**Electronically Filed**
**3/4/2024 5:56 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

**IAFD**
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**RANALLI ZANIEL FOWLER & MORAN, LLC**
2340 W. Horizon Ridge Parkway, #100
Henderson, Nevada 89052
ranalliservice@ranallilawyers.com
Attorney for Defendant,
*WALGREEN CO.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARCUS COLEMAN, an individual; | ) |
| | ) |
| Plaintiff, | ) CASE NO.:  A-24-886529-C |
| | ) DEPT. NO.: 27 |
| vs. | ) |
| | ) |
| WALGREEN CO., doing business | ) |
| As WALGREENS; DOES 1 through | ) |
| 100; and ROE CORPORATION 101 | ) |
| through 200, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**INITIAL APPEARANCE FEE DISCLOSURE**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

///

///

///

///

///

///

1

DEFENDANT WALGREEN CO.:          $223.00

**TOTAL FEES REMITTED:          $223.00**

DATED this 4th day of March, 2024.

           **RANALLI ZANIEL FOWLER & MORAN, LLC**

           /s/ *Jason Andrew Fowler, #8071*

           _____
           **GEORGE M. RANALLI, ESQ.**
           Nevada Bar No. 5748
           2340 W. Horizon Ridge Prkwy, #100
           Henderson, Nevada 89052
           Attorney for Defendant,
           *WALGREEN CO.*

## CERTIFICATE OF SERVICE

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee of **RANALLI ZANIEL FOWLER & MORAN, LLC,** and that on the 4th day of March, 2024, I caused the foregoing **INITIAL APPEARANCE FEE DISCLOSURE** to be served as follows:

[ ]  by placing a true and correct copy of the same to be deposited for mailing in the US Mail at Henderson, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

[ ]  pursuant to EDCR 7.26, by sending it via facsimile (w/out attachments); and/or

[ ]  by hand delivery to the parties listed below; and/or

[X]  pursuant to N.E.F.C.R. Rule 9 and Administrative Order 14-2, by sending it via electronic service:

Scott L. Poisson, Esq.
Amber N. King, Esq.
**HIGH STAKES INJURY LAW**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
Attorneys for Plaintiff
**VIA ELECTRONIC SERVICE**

/s/ *Donna Hicks*

_____
**AN EMPLOYEE OF**
**RANALLI ZANIEL FOWLER & MORAN, LLC**

# EXHIBIT F

Electronically Filed
3/4/2024 5:56 PM
Steven D. Grierson
CLERK OF THE COURT

**DMJT**
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**RANALLI ZANIEL FOWLER & MORAN, LLC**
2340 W. Horizon Ridge Parkway, #100
Henderson, Nevada 89052
ranalliservice@ranallilawyers.com
Attorney for Defendant,
*WALGREEN CO.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARCUS COLEMAN, an individual; | ) |
| Plaintiff, | ) CASE NO.: A-24-886529-C |
| | ) DEPT. NO.: 27 |
| vs. | ) |
| | ) |
| WALGREEN CO., doing business | ) |
| As WALGREENS; DOES 1 through | ) |
| 100; and ROE CORPORATION 101 | ) |
| through 200, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEMAND FOR JURY TRIAL**

Defendant, WALGREEN, CO., by and through their attorney of

record, GEORGE M. RANALLI, ESQ., with the law firm of RANALLI

ZANIEL FOWLER & MORAN, LLC, hereby demands a jury

///

///

///

///

///

///

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

1

trial of all of the issues in the above-entitled matter.

DATED this 4th day of March, 2024.

RANALLI ZANIEL FOWLER & MORAN, LLC

/s/ *Jason Andrew Fowler, #8071*
_____
GEORGE M. RANALLI, ESQ.
Nevada Bar No. 5748
2340 W. Horizon Ridge Prkwy, #100
Henderson, Nevada 89052
Attorney for Defendant,
*WALGREEN CO.*

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, #100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee of **RANALLI ZANIEL FOWLER & MORAN, LLC,** and that on the 4th day of March, 2024, I caused the foregoing **DEMAND FOR JURY TRIAL** to be served as follows:

[ ] by placing a true and correct copy of the same to be deposited for mailing in the US Mail at Henderson, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

[ ] pursuant to EDCR 7.26, by sending it via facsimile (w/out attachments); and/or

[ ] by hand delivery to the parties listed below; and/or

[X] pursuant to N.E.F.C.R. Rule 9 and Administrative Order 14-2, by sending it via electronic service:

Scott L. Poisson, Esq.
Amber N. King, Esq.
**HIGH STAKES INJURY LAW**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
Attorneys for Plaintiff
**VIA ELECTRONIC SERVICE**

/s/ *Donna Hicks*

_____
**AN EMPLOYEE OF
RANALLI ZANIEL FOWLER & MORAN, LLC**

# EXHIBIT G

Electronically Filed
3/5/2024 10:59 AM
Steven D. Grierson
CLERK OF THE COURT

**RFE**
Scott L. Poisson, Esq.
Nevada Bar No. 10188
Amber N. King, Esq.
Nevada Bar No. 14070
**HIGH STAKES INJURY LAW**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
Telephone: (702) 877-4878
Facsimile: (702) 256-6280
*Attorneys for Plaintiff*

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARCUS COLEMAN, an individual,

        Plaintiff,

        v.

WALGREEN CO., doing business as
WALGREENS; DOES 1 through 100; and ROE
CORPORATION 101 through 200, inclusive,

        Defendant(s).

Case No.: A-24-886529-C

Dept. No.: 27

**REQUEST FOR EXEMPTION FROM ARBITRATION**

Plaintiff hereby requests the above entitled matter be exempted from The Court Annexed

Arbitration Program pursuant to Nevada Arbitration Rule 5. This matter qualifies for a

permissive exemption (NAR5(b)) as follows:

1. _____ presents a significant issue of public policy;
2. _____ case presents unusual circumstances that constitute good cause;
3. ___X__ case involves an amount in excess of $50,000 per Plaintiff, exclusive of interest and costs

A specific summary of the facts which supports my contention for exemption is as follows:

**I.    FACTS**

On February 14, 2022, Marcus Coleman arrived at the Walgreens located at 2400 E.

Tropicana Ave., Las Vegas, NV 89121. As Marcus was entering the store, a disgruntled customer,

stabbed Marcus in the back and viciously attacked him.

*High Stakes Injury Law*
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 256-4566 FAX: (702) 256-6280

Page 1 of 4

**High Stakes Injury Law**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 256-4566 FAX: (702) 256-6280

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The witness statement to police noted the assailant was inside the store and was asked to leave. Store personnel witnessed this man standing outside the storefront for at least 20-30 minutes. Then the assailant started arguing with Marcus. As Marcus walked inside, the assailant ran in behind him and started stabbing him. The report noted the surveillance video showed him being stabbed once, then the assailant leaving. The store allowed the assailant to re-enter the store and being stabbing at Marcus again. The store should have put the doors on lock down and immediately called police. Instead, police were not called right away and the assailant was able to re-enter, keep stabbing and runaway.

Walgreens employees were already aware this person had a propensity to become dangerous as they escorted the customer out the store prior to Marcus arriving. The store employees should have ensured this person left the premises of the Walgreens completely and sought law enforcement assistance, instead of allowing this person to loiter outside the entrance of the store, knowing they were confrontational and could endanger other customers.

Immediately following the incident, Marcus was transported to Sunrise Hospital. He was noted as having a ½ inch forehead abrasion, ½ inch left lateral neck stab wound, 1-2 inch stab wound that was dragged from his cheek to the corner of his mouth, 2 inch wound to the left shoulder, puncture wounds to the left armpit and a left bicep abrasion. He also had knuckle abrasions.

At Sunrise Hospital, he was admitted into the Trauma 1. He presented with multiple penetrating stab wounds to the neck and back. X-rays of the check showed lower lobe atelectasis and the left shoulder x-ray confirmed the stab wound and noted no metallic debris. His wounds were repaired and he was discharged home, He was given medication for infection control, swelling and pain. He was instructed on wound care.

II.    **INJURIES AND MEDICAL TREATMENT**

| | |
|---|---|
| Clark County Fire Department | $No Bill |
| Community Ambulance | $1,219.68 |
| Sunrise Hospital | $45.496.00 |
| Radiology Specialists | pending |
| Desert Surgical Associates | $360.00 |
| **TOTAL** | **$47,075.68** |

In addition to economic damages, Marcus has suffered non-economic damages including pain and suffering and emotional distress.

III.    **CONCLUSION**

I hereby certify pursuant to NRCP 11 this case is included within the exemption(s) marked above and am aware of the sanctions that may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

I further certify pursuant to NRS Chapter 239B and NRS 603A.040 that this document and any attachments thereto do not contain personal information including, without limitation, home address/phone number, social security number, driver's license number or identification card number, account number, PIN numbers, credit card number or debit card number, in combination with any required security code, access code or password that would permit access to the person's financial account

DATED: March 5, 2024.

Respectfully submitted,

**HIGH STAKES INJURY LAW**

  _/s/ Amber N. King_____
AMBER N. KING, ESQ.
State Bar No. 14070
320 S. Jones Blvd.
Las Vegas, Nevada 89107
*Attorneys for Plaintiff*

Page 3 of 4

**High Stakes Injury Law**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 256-4566 FAX: (702) 256-6280

1

## **CERTIFICATE OF SERVICE**

2          Pursuant to NRCP 5(b), I certify that I am an employee of HIGH STAKES INJURY

3   LAW, and that on March 5, 2024, I did cause a true and correct copy of the document entitled:

4   **REQUEST FOR EXEMPTION FOR ARBITRATION** to be served as follows:

☒   Electronic Service pursuant to Rule 9 of the NEFCR (Administrative Order 14-2);
5        and/or

6   ☐   U.S. Mail—By depositing a true copy thereof in the U.S. mail, first class postage
        prepaid and addressed as listed below; and/or
7

8   ☐   Facsimile—By facsimile transmission pursuant to EDCR 7.26 to the facsimile
        number(s) shown below and in the confirmation sheet filed herewith.  Consent to
9        service under NRCP 5(b)(2)(D) shall be assumed unless an objection to service by
        facsimile transmission is made in writing and sent to the sender via facsimile within
10       24 hours of receipt of this Certificate of Service; and/or

11  George M. Ranalli, Esq.
    Nevada Bar No. 5748
12  RANALLI ZANIEL FOWLER & MORAN, LLC
    2340 W. Horizon Ridge Parkway #100
13  Las Vegas, NV 89052
    ranalliservice@ranallilawyers.com
14  ***Attorneys for Defendant***
    ***Walgreen Co.***

15                                        */s/ Robin Concepcion*
                                          An employee of High Stakes Injury Law
16

17

18

19

20

21

22

23

24

25

26

27

28

**High Stakes Injury Law**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 256-4566 FAX: (702) 256-6280