**JSR**
SCOTT POISSON, ESQ.
Nevada Bar No. 10188
AMBER N. KING, ESQ.
Nevada Bar No.: 14070
**HIGH STAKES INJURY LAW**
320 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone:(702) 877-4878
Facsimile: (702) 256-6280
amber@vegashurt.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARCUS COLEMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO., doing business as WALGREENS; DOES 1 through 100; and ROE CORPORATION 101 through 200, inclusive,<br><br>Defendant(s). | Case No.: 2:24-cv-00661-RFB-MDC<br><br>**PROPOSED JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |

SUBMITTED IN COMPLIANCE WITH LR 2601(b)

Pursuant to Local Rule 26-1(e), the parties submit their proposed Discovery Plan and Scheduling Order.

1. **Meeting:** Pursuant to FRCP Rule 26(f), the parties conducted a conference on April 3, 2024 at 9:00 AM between Amber N. King, Esq. on behalf of Plaintiff and Maegun C. Mooso, Esq. on behalf of Defendant.

2. **Pre-Discovery Disclosures:** Pursuant to FRCP Rule 26(a)(1), the parties will make their pre-discovery disclosures by April 26, 2024.

3. **Areas of Discovery:** The parties agree that the areas of discovery should include, but not be limited to: all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

4. **Discovery Plan:** The parties propose the following discovery plan:

a. **Discovery Cut-off Dates:** LR 26(e)(1) provides that "unless otherwise ordered, discovery periods longer than one hundred eighty (180) days from the date the first defendant answers or appears will require special scheduling review." The parties seek a discovery cut-off date of no later than January 03, 2025 which is nine months from the 26(F) Conference on April 3, 2024, as discovery had not yet opened prior to the removal date and therefore the parties are requesting that discovery begin with the 26(f) conference date.

   i. The parties request 274 days because Plaintiff's claims and Defendant's defenses necessitate multiple witness depositions including parties, fact witnesses, medical providers, liability witnesses, and experts. It is also unknown at this time if Plaintiff is continuing to seek treatment for any of the mental/emotional injury aspects of his claim. Due to the nature of records collection processes, coupled with the potential need to retain consultants in different areas of medical specialties (behavioral expert, orthopedic expert, etc.), the parties request additional time to identify and prepare testifying experts in accordance with the proposed deadlines set forth herein. The additional time further affords the parties the opportunity to engage in settlement negotiations and/or mediation after substantive discovery has been completed.

b. **Amending the Pleadings and Adding Parties:** The parties shall have until September 05, 2024, to file any motions to amend the pleadings to add parties. This is 90 days before the discovery cut-off date.

c. **FRCP 26(a)(2) Disclosure of Experts:** Disclosure of experts shall proceed according to FRCP Rule 26(a)(2) and LR 26-1(e)(3) as follows: The disclosure of experts and their reports shall occur on or before September 05, 2024. The disclosure of rebuttal experts and their reports shall occur on or

before October 05, 2024. These deadlines are 90 and 120 days before the discovery cut-off date, respectively.

d. **Interim Status Report:** The parties shall file the interim status report by October 05, 2024 90 days before the discovery cut-off date, as required by LR 26-3.

e. **Dispositive Motions:** The parties shall have until February 05, 2025 to file dispositive motions. This is 30 days after the discovery cut-off date, as required by LR 26-1(e)(4).

f. **Pre-Trial Order**: The parties will prepare a Consolidated Pre-Trial Order on or Before March 02, 2025 which is not more than 28 days after the date set for filing dispositive motions in the case as required by LR 26-1€(5). This deadline will be suspended if dispositive motions are timely filed until 28 days after the decision of the dispositive motions or until further order of the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be made in the pre-trial order.

g. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** LR 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion must be made not later than 21 days before the expiration of the subject deadline.

h. **Alternative Dispute Resolution**
The parties have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

i. **Alternative Forms of Case Disposition:** The undersigned do not consent to trial by a magistrate judge under 28 U.S.C. §636 (c) and Fed.. R. Civ. P. 73, or the use of the Short Trial Program (General Order 2013-01).

j. **Authorizations:**  It is agreed that Plaintiff will provide Defendant with: HIPAA-Complaint Authorizations for the Release of Patient Information

Pursuant to 45 CFR 164. The parties agree that in the event Plaintiff makes a claim for loss of wages or lost earning capacity, Plaintiff shall provide (1) Consent for Release of Employment Information, left blank, and (2) Authorization to Obtain Plaintiff's Tax Return information.

k. **Format of Discovery:** Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

l. **Electronic Evidence:** The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have not reached any stipulations in this regard at this time.

m. **Independent Medical Examination:** Defendant may conduct a Rule 35 examination of Plaintiff if requested, the terms of which will be determined at a later date.

n. **Consent to Service:** The parties hereby agree that pursuant to FRCP 5, service could be made by email.

| HIGH STAKES INJURY LAW | RANALLI ZANIEL FOWLER & MORAN, LLC |
|---|---|
| DATED: 04/23/2024 | DATED: 04/23/2024 |
| /s/: Amber N. King | /s/: Maegun Mooso |
| Amber N. King, ESQ. | Maegun Mooso, Esq. |
| Nevada Bar No.: 14070 | Nevada Bar No.: 15067 |
| 320 South Jones Blvd. | 2340 W. Horizon Ridge Parkway, #100 |
| Las Vegas, Nevada 89107 | Henderson, Nevada 89052 |
| *Attorney for Plaintiff* | *Attorneys for Defendant* |

**High Stakes Injury Law**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 256-4566 FAX: (702) 256-6280

**IT IS SO ORDERED:** Denied without Prejudice.  The proposed scheduling order states that "it is in compliance with LR 26-1" but it is not in compliance because it requests discovery longer than 180 days.  LR 26-1 provides  "If the plan sets deadlines within those specified in LR 26-1(b), the plan must state on its face in bold type, 'SUBMITTED IN COMPLIANCE WITH LR 26-1(b).' If longer deadlines are proposed, the plan must state on its face 'SPECIAL SCHEDULING REVIEW REQUESTED.'" *Id.*   The proposed plan also provides for a interim status report, which is no longer required by the Local Rules.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 5-1-24